11035. NATIONAL SURETY Co. *v.* WALKER COUNTY, for use, etc.

STEPHENS, J. 1. The motion to dismiss the bill of exceptions upon failure to make proper parties is met by the voluntary appearance of the Little-Cleckler Construction Company and its consent· to be made a party plaintiff to the bill of exceptions. It is therefore ordered that the Little-Cleckler Construction Company be made a party plaintiff to the bill of exceptions.

2. A bond executed by a building contractor, conditioned for the prompt payment by him of all indebtedness to persons supplying labor or material in the execution of certain work, is an obligation to pay any indebtedness of the contractor so arising, and an extension by the contractor of the time of payment of any such indebtedness will not necessarily operate to discharge the surety upon the bond.

3. In a suit against the contractor and the surety on the bond by a plaintiff supplying material used for the construction of the work referred to in the bond, where the defendant surety set up as a defense an extension by the contractor of the time of payment of the indebtedness sued on, evidenced by the execution of a promissory note by the contractor, accepted by the plaintiff as payee, covering such indebtedness, the note falling due within the period provided by the statute within which suit on the original indebtedness may be brought, and within the period within which laborers' and materialmen's liens may be asserted, such defense was properly stricken on demurrer.

4. The demurrer to the plea was properly sustained upon all the grounds.

5. The evidence demanded the verdict for the plaintiff, and the court did not err in so directing.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1920.

Complaint; from Walker superior court — Judge Wright.   September 3, 1919.

*Shattuck & Shattuck,* for plaintiff in error.

*Rosser & Shaw,* contra.